UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TINA M., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 1:21-cv-00291-LEW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) substituted his lay opinion for that of expert Leigh Haskell, Ph.D., and failed to develop the record when he disagreed with Dr. Haskell that one of two mental impairments was severe yet adopted all of the limitations she had assessed.  *See* Statement of Errors (ECF No. 14) at 5-8.  Because the Plaintiff fails to show that the ALJ erred and, in any event, concedes that any error is harmless, I recommend that the Court affirm the Commissioner's decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had a severe impairment of neurocognitive disorder, *see* Record at 30, and (2) retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels and to understand and remember simple work tasks; carry out simple tasks during a normal work schedule; interact with co-workers and supervisors; have occasional brief

contact with the public; and adapt to simple changes in a work setting, *see id.* at 36. Based on vocational testimony that a significant number of jobs were available to a person with the Plaintiff's RFC, the ALJ found her not disabled. *See id.* at 44-45. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III.  Discussion

The Plaintiff first contends that the ALJ "substituted his lay opinion" for that of Dr. Haskell when he rejected Dr. Haskell's opinion that the Plaintiff had a second severe mental impairment of anxiety but adopted all of the functional limitations that

2

Dr. Haskell had assessed. *See* Statement of Errors at 7. She posits that "[f]or the ALJ to adopt Dr. Haskell's functional limitations, he needed to find the same severe impairments as Dr. Haskell." *Id*.

Yet, the First Circuit has rejected "the notion that there must always be some super-evaluator, a single physician who gives the factfinder an overview of the entire case," as "unsupported by the statutory scheme, or by the caselaw, or by common sense, for that matter." *Evangelista v. Sec'y of Health & Hum. Servs.*, 826 F.2d 136, 144 (1st Cir. 1987). The ALJ did not substitute his lay judgment for that of an expert but, rather, in accordance with *Evangelista*, explained why he agreed with a different agency nonexamining consultant, Mary Burkhart, Ph.D., that the Plaintiff's anxiety was not severe. *See* Record at 31-32.

The ALJ was not required to send the Plaintiff "to a consultative exam to develop the record," Statement of Errors at 8, simply because he disagreed with Dr. Haskell's assessment that the Plaintiff's anxiety was severe, *see, e.g.*, *Charles T. C. v. Saul*, No. 1:19-cv-00564-NT, 2020 WL 5370551, at *6 (D. Me. Sept. 7, 2020) (rec. dec.) (holding that an ALJ's failure to further develop the record "does not constitute an abuse of discretion unless the examination was necessary to enable the ALJ to determine disability"), *aff'd*, 2020 WL 5801080 (D. Me. Sept. 28, 2020).

In any event, even had the ALJ erred in deeming the Plaintiff's anxiety nonsevere, remand would remain unwarranted. "In this [D]istrict, an error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the

3

plaintiff's claim." *John H. E. v. Kijakazi*, No. 2:20-cv-00479-LEW, 2021 WL 5851393, at *2 (D. Me. Dec. 8, 2021) (rec. dec.), *aff'd*, 2022 WL 911267 (D. Me. Mar. 29, 2022) (cleaned up). The Plaintiff admits that "the conclusion of the decision would not have changed whether the ALJ found [her] anxiety impairment severe or non-severe." Statement of Errors at 7.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: December 1, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge